UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:03 pm, Aug 13, 2025
JEFFREY P. COLWELL, CLERK

Jacob Valine,
Plaintiff,

v.

Lori Chavez-DeRemer, in her official capacity as Secretary of Labor,
Defendant.

Case No.: [To be assigned]

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(Constitutional Violations and Section 504 of the Rehabilitation Act)

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution of the United States and federal law, including Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

2. Venue is proper under 28 U.S.C. § 1391(e) because the defendant is a federal officer sued in her official capacity, and the plaintiff resides in this district. The harm alleged is nationwide and includes direct exclusion of the plaintiff from federally funded youth programs.

II. PARTIES

3. Plaintiff Jacob Valine is a resident of Windsor, Colorado, and a youth applicant excluded from Job Corps and other federally funded programs due to Region 4's failure to resume background checks in violation of a nationwide injunction.

4. Defendant Lori Chavez-DeRemer is the United States Secretary of Labor and is sued in her official capacity. She is responsible for oversight and enforcement of Job Corps and related youth programs.

III. STATEMENT OF FACTS

5. On June 25, 2025, the U.S. District Court for the Southern District of New York issued a nationwide injunction requiring the Department of Labor to resume background checks for Job Corps applicants.

6. Despite this order, Region 4 (Dallas) has failed to resume background checks, effectively excluding youth in multiple states—including Colorado—from accessing Job Corps programs.

7. Plaintiff has been denied access to federally funded youth programs without due process, and in violation of equal protection guarantees, solely because of regional enforcement disparities.

8. Plaintiff is a qualified individual with a disability under Section 504 and has been excluded from participation in, and denied the benefits of, federally funded programs solely on the basis of disability and procedural exclusion.

9. The Department of Labor's failure to comply with judicial orders and its selective enforcement of federal programs violates both the Constitution and Section 504.

10. Defendant has exercised adjudicatory power over core private rights—including access to federally funded youth programs—without Article III oversight, violating the separation of powers and the judicial vesting clause of Article III, Section 1.

IV. CLAIMS FOR RELIEF

**Count I – Equal Protection Clause (5th Amendment)**
11. Defendant's actions have resulted in unequal treatment of similarly situated youth applicants based on region, violating the Equal Protection Clause.

**Count II – Due Process Clause (5th Amendment)**
12. Plaintiff was excluded from federal programs without notice, hearing, or opportunity to contest, violating procedural due process.

**Count III – Article II Violations**
13. Defendant has failed to ensure lawful execution of federal programs and judicial orders, violating the Take Care Clause of Article II.

**Count IV – Section 504 of the Rehabilitation Act**
14. Plaintiff is a qualified individual with a disability and was excluded from federally funded programs solely on the basis of disability, in violation of Section 504.

**Count V – Article III Violation**
15. Defendant has exercised adjudicatory power over core private rights without Article III oversight, violating the separation of powers and the judicial vesting clause of Article III, Section 1.

V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

a. Declare that the Department of Labor's exclusionary practices violate the Constitution and Section 504;

b. Issue an injunction requiring full compliance with the June 25 TRO and resumption of background checks in Region 4;

c. Order equitable access to federally funded youth programs for all eligible applicants, including those with disabilities;

d. Award costs and any other relief the Court deems just and proper.

Respectfully submitted,

Jacob Valine
5035 Shavano Dr
Windsor, Colorado [Zip Code]
9706178650
jvaline9776@outlook.com
Date: 08/13/2025